GRIFFIN, J.
Daytona Commercial I, L.C., Daytona Commercial II, L.C., and First National Bank of Central Florida [“appellants”] have appealed a summary final judgment validating an amendment to the Declaration of Condominium of the Daytona Inn Beach Resort Condominium [“Daytona Inn”] that changed the formula by which unit owners share the common expenses of the condominium association. Daytona Commercial I, L.C. is the owner of commercial condominium units number one and five. Daytona Commercial II, L.C. owns commercial units two, three and four. These are the only commercial condominium units located on the premises.
At issue is an amendment to require each unit owner to pay for common expenses according to the square footage of each unit, rather than by paying a straight l/157th share of the common expenses, as originally required by the Declaration of Condominium. This change will significantly increase the share of common expenses borne by the commercial units. The summary judgment was grounded in the trial court’s interpretation of the various provisions of the Declaration, in particular, differences in terminology utilized in the various relevant sections.
On appeal, the issues have developed and evolved much beyond what the trial court was given to work with. Appellee has conceded that the interpretation of the Declaration on which the trial court’s summary judgment mainly rested fails because the concept of “common expenses” is included in the definition of “assessments” in the Declaration.
The focus on appeal has become the application and effect of certain statutory provisions apparently not brought to the trial court’s attention, including section 718.115(2) and section 718.110(11), Florida Statutes (2004). Under the circumstances, this summary judgment must be reversed and the case returned to the trial court for further proceedings. Given the many uncertainties about the meaning of this agreement, a trial of all the issues may be required.
REVERSED and REMANDED.
SHARP, W., and SAWAYA, JJ., concur.